IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBECCA L. O'CONNOR,

       Plaintiff,                        Civ. No. 6:12-cv-01396-MC

       v.                            OPINION AND ORDER

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

       Defendant.

_____

MCSHANE, Judge:

      Plaintiff Rebecca L. O'Connor brings this action for judicial review of the

Commissioner's decision denying plaintiff's application for supplemental security income. This

court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

      Plaintiff seeks benefits as of June 25, 2008 due to, as relevant here, disability arising from

obesity and osteoarthritis. The administrative law judge (ALJ) determined plaintiff is not

disabled. TR 21-22.[1] Plaintiff argues the ALJ erred by: (1) finding that plaintiff's obesity and

osteoarthritis failed to meet or medically equal the severity of impairment listed under 1.02; and

---

[1] "TR" refers to the Transcript of Social Security Administrative Record [#7] provided by the Commissioner.

1 – OPINION AND ORDER

(2) improperly discounting the opinion of Shannon Thom, plaintiff's treating nurse practitioner. The Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*.

At step two, the ALJ found plaintiff's obesity and osteoarthritis interfere with plaintiff's ability to perform basic work activities on a regular and continuous basis, and thus qualified as "severe" impairments under the regulations. TR 15.

At the step three determination of whether plaintiff's impairments meet or equal any of a list of specific impairments in which the claimant is presumed disabled, the ALJ found:

> The claimant's osteoarthritis in her knees does not meet or medically equal the severity listed under 1.02 because she has not provided evidence that she has the inability to ambulate effectively or the inability to perform fine and gross movements effectively with gross anatomical deformity, chronic joint pain, stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).

TR 16.

Plaintiff appears to argue that because she was unable to "effectively ambulate," her obesity, combined with her osteoarthritis, met or equaled the specific listing in 1.02. Substantial evidence, however, supports the ALJ's finding that plaintiff was able to effectively ambulate.

The regulations state, "Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) *that limits the functioning of both upper extremities*." 20 C.F.R. Part 404, Subpart P, App. 1, listing 1.02(b(1) (emphasis added). In determining plaintiff's residual functional capacity, the ALJ noted plaintiff "must use a cane for ambulation[.]" TR 16. Nothing in the record suggests plaintiff had to use two canes, two crutches, or a walker, or anything else which would limit both upper extremities, in order to ambulate.

Examples of ineffective ambulation in the regulations include "the inability to walk a block at a reasonable pace on rough or uneven surfaces." Shannon Thom, FNP, plaintiff's treating nurse practitioner, opined that plaintiff could neither travel without assistance nor walk one block over uneven terrain. TR 379. As discussed below, however, the ALJ gave Thom's opinion little weight. Additionally, although plaintiff testified to greater limitations on activities of daily living than those ultimately found by the ALJ, the ALJ found plaintiff not credible (to the extent her testimony differed with the ALJ's RFC findings). TR 17-18. Plaintiff does not challenge the ALJ's adverse credibility determination.

3 – OPINION AND ORDER

Multiple medical opinions concluded plaintiff was capable of performing sedentary work, TR 241, 249, 354, and substantial evidence supports the ALJ's RFC finding that plaintiff could walk two hours per eight-hour workday, 241, 244, 348. The ALJ gave those opinions significant weight. TR 18-19. In short, substantial evidence supports the ALJ's step three finding that plaintiff did not have a combination of impairments meeting the listed impairments in 1.02.

Plaintiff also argues the ALJ improperly discredited the opinion of Shannon Thom, FNP, plaintiff's treating nurse practitioner. In response to a checklist form provided by plaintiff's attorney, Thom opined plaintiff could not travel without assistance or walk one block at a reasonable pace over uneven ground. TR 379. Thom stated plaintiff would have to miss four or more days of work per month as a result of her medical impairments. TR 380.

 Thom, as a nurse practitioner, is not an "accepted medical source" under the regulations. 20 C.F.R. § 404.153(a) (listing "accepted medical sources"). Instead, Thom qualifies as an "other source." § 404.153(d)(1). Under certain circumstances, such as when a nurse practitioner works closely under the supervision of an accepted medical source, the opinion of the nurse practitioner is properly viewed as that of an accepted medical source. *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). Plaintiff argues that because Rajesh Ravuri, M.D. signed the questionnaire below Thom's signature, Thom's opinion is an accepted medical source. I disagree.

Dr. Ravuri's signature appears in one line of the voluminous record. There is no indication Dr. Ravuri ever examined plaintiff or plaintiff's medical records. The questionnaire was made out not to Dr. Ravuri, but to Thom. There is nothing in the record demonstrating Thom worked under the supervision of Dr. Ravuri and, if so, whether Thom worked closely with Dr. Ravuri on plaintiff's care. The record fails to reveal even if Dr. Ravuri worked with Thom at the Waterfall Clinic.

4 – OPINION AND ORDER

As Thom's opinion was an "other source" as opposed to an "acceptable medical source," the ALJ was required to give reasons germane to Thom in order to give her opinion little weight. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ provided multiple such reasons. In fact, the ALJ provided several specific and legitimate reasons for giving Thom's opinion little weight. The ALJ gave little weight to Thom's opinion because it came in the form of a check-the-box questionnaire provided by plaintiff's attorney. TR 19. An ALJ may give check-the-box forms little weight when those forms, like the form provided by Thom, contain no explanations behind their conclusions. *Molina* 674 F.3d at 111-12. Additionally, the ALJ noted Thom's questionnaire conflicted with other medical evidence in the record demonstrating plaintiff was capable of sedentary work. TR 19. Thom's opinion also conflicted with claimant's own descriptions of her daily activities, including the fact that although plaintiff alleged disability as of June 1, 2000, plaintiff actually worked at substantial gainful activity levels in 2005 and 2006. TR 18. Plaintiff's argument that the ALJ improperly discredited Thom's opinion is not supported by the record.

## **CONCLUSION**

The Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.


DATED this 14th day of August, 2013.


‎_____ /s/ Michael J. McShane _____
Michael McShane
United States District Judge


5 – OPINION AND ORDER